UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ROWAN LEWIS,

    Petitioner,

v.                                      Case No: 3:14-cv-1390-J-32PDB

SECRETARY, FLORIDA DEPARTMENT
OF CORRECTIONS and ATTORNEY
GENERAL, STATE OF FLORIDA,

    Respondents.
_____

## **ORDER**

### I. **Status**

Petitioner, an inmate of the Florida penal system, initiated this case by filing a pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) (Petition).[1] He challenges his 2010 state court (Duval County) judgment of conviction for one count of armed trespass (a lesser-included offense); two counts of assault (a lesser-included offense); one count of possession of a firearm by a convicted felon (with a specific jury finding that Petitioner actually possessed a firearm during the commission of the offense); and three counts of aggravated assault (each with a specific jury finding that Petitioner actually possessed a firearm during the commission of the offense).[2] Petitioner was sentenced to a total term of imprisonment of 20 years. Respondents filed a Response

---

[1] Citations to the Petition are to the page numbers assigned by the Court's electronic case filing system.

[2] The jury found Petitioner not guilty on the charge of battery.

(Doc. 9) (Response),³ and Petitioner filed a Reply (Doc. 12) (Reply). The case is ripe for review.⁴

## II.     Governing Legal Principles

### A.     Standard of Review Under the Antiterrorism Effective Death Penalty Act (AEDPA)

AEDPA governs a state prisoner's federal habeas corpus petition. See Ledford v. Warden, Ga. Diagnostic & Classification Prison, 818 F.3d 600, 642 (11th Cir. 2016), cert. denied, 137 S. Ct. 1432 (2017). "'The purpose of AEDPA is to ensure that federal habeas relief functions as a guard against extreme malfunctions in the state criminal justice systems, and not as a means of error correction.'" Id. (quoting Greene v. Fisher, 565 U.S. 34, 38 (2011)).

> Under AEDPA, when a state court has adjudicated the petitioner's claim on the merits, a federal court may not grant habeas relief unless the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," id. §

---

³ Attached to the Response are several exhibits. The Court cites to the exhibits as "Ex."

⁴ "In a habeas corpus proceeding, the burden is on the petitioner to establish the need for an evidentiary hearing." Jones v. Sec'y, Fla. Dep't of Corr., 834 F.3d 1299, 1318 (11th Cir. 2016) (citing Chavez v. Sec'y Fla. Dep't of Corr., 647 F.3d 1057, 1060 (11th Cir. 2011)). "In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." Schriro v. Landrigan, 550 U.S. 465, 474 (2007) (citation omitted). "It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." Id. The pertinent facts of this case are fully developed in the record before the Court, and "further factual development" is not necessary. Turner v. Crosby, 339 F.3d 1247, 1275 (11th Cir. 2003). Thus, an evidentiary hearing will not be conducted.

> 2254(d)(2). A state court's factual findings are presumed correct unless rebutted by clear and convincing evidence.[] Id. § 2254(e)(1); Ferrell v. Hall, 640 F.3d 1199, 1223 (11th Cir. 2011).
>
> AEDPA "imposes a highly deferential standard for evaluating state court rulings" and "demands that state-court decisions be given the benefit of the doubt." Renico v. Lett, 559 U.S. 766 (2010) (internal quotation marks omitted). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the state court's decision." Harrington v. Richter, 562 U.S. 86, 101 (2011) (internal quotation marks omitted). "It bears repeating that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." Id. (citing Lockyer v. Andrade, 538 U.S. 63, 75 (2003)). The Supreme Court has repeatedly instructed lower federal courts that an unreasonable application of law requires more than mere error or even clear error. See, e.g., Mitchell v. Esparza, 540 U.S. 12, 18 (2003); Lockyer, 538 U.S. at 75 ("The gloss of clear error fails to give proper deference to state courts by conflating error (even clear error) with unreasonableness."); Williams v. Taylor, 529 U.S. 362, 410 (2000) ("[A]n unreasonable application of federal law is different from an incorrect application of federal law.").

Bishop v. Warden, GDCP, 726 F.3d 1243, 1253-54 (11th Cir. 2013).

"[A] federal court reviewing the judgment of a state court must first identify the last adjudication on the merits. It does not matter whether that adjudication provided a reasoned opinion because section 2254(d) 'refers only to a decision' and does not 'requir[e] a statement of reasons.'" Wilson v. Warden, Ga. Diagnostic Prison, 834 F.3d 1227, 1235 (11th Cir. 2016), cert. granted, 137 S. Ct. 1203 (2017), (quoting Richter, 562 U.S. at 98). Regardless of whether the last state court provided a reasoned opinion, "it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." Richter, 562 U.S. at 99 (citation omitted). When the last adjudication on the merits "'is unaccompanied by an

3

explanation,' a petitioner's burden under section 2254(d) is to 'show[] there was no reasonable basis for the state court to deny relief.'" Wilson, 834 F.3d at 1235 (quoting Richter, 562 U.S. at 98). "'[A] habeas court must determine what arguments or theories supported or . . . could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of [the] Court.'" Id. (quoting Richter, 562 U.S. at 102).

> When the reasoning of the state trial court was reasonable, there is necessarily at least one reasonable basis on which the state supreme court could have denied relief and our inquiry ends. In this way, federal courts can use previous opinions as evidence that the relevant state court decision under review is reasonable. But the relevant state court decision for federal habeas review remains the last adjudication on the merits, and federal courts are not limited to assessing the reasoning of the lower court.

Id. at 1239.[5]

### B.    Exhaustion and Procedural Default

There are prerequisites to federal habeas review. Before filing a habeas petition in federal court, a petitioner must exhaust all available state court remedies. To exhaust state remedies, the petitioner must "fairly present[]" each issue raised in his federal petition to the state's highest court. Castille v. Peoples, 489 U.S. 346, 351 (1989) (emphasis omitted). To properly exhaust a claim, a "state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); Raleigh v.

---

[5] Wilson is currently before the Supreme Court. However, even under pre-Wilson AEDPA jurisprudence, the result here would be the same.

4

Sec'y, Fla. Dep't of Corr., 827 F.3d 938, 956 (11th Cir. 2016), cert. denied, Raleigh v. Jones, 137 S. Ct. 2160 (2017) ("The petitioner must have presented the claim in a manner that affords the State a full and fair opportunity to address and resolve the claim on the merits." (quotations and citation omitted)). It is not "sufficient merely that the federal habeas petitioner has been through the state courts, nor is it sufficient that all the facts necessary to support the claim were before the state courts or that a somewhat similar state-law claim was made." Preston v. Sec'y, Fla. Dep't of Corr., 785 F.3d 449, 457 (11th Cir. 2015). Rather, "[t]he crux of the exhaustion requirement is simply that the petitioner must have put the state court on notice that he intended to raise a federal claim." Id.

Failure to exhaust results in a procedural default which raises a potential bar to federal habeas review. "A state prisoner may overcome the prohibition on reviewing procedurally defaulted claims if he can show 'cause' to excuse his failure to comply with the state procedural rule and 'actual prejudice resulting from the alleged constitutional violation.'" Davila v. Davis, 137 S. Ct. 2058, 2064-65 (2017) (citing Wainwright v. Sykes, 433 U.S. 72, 84 (1977); Coleman v. Thompson, 501 U.S. 722, 750 (1991)). To show cause for a procedural default, "the petitioner must demonstrate 'some objective factor external to the defense' that impeded his effort to raise the claim properly in state court." Ward, 592 F.3d at 1157 (quoting Murray v. Carrier, 477 U.S. 478, 488 (1986)). "[T]o show prejudice, a petitioner must demonstrate that 'the errors at trial actually and substantially disadvantaged his defense so that he was denied fundamental fairness.'" Id. (quoting McCoy v. Newsome, 953 F.2d 1252, 1261 (11th Cir. 1992) (per curiam)).

A petitioner may also obtain review of a federal habeas claim that is procedurally defaulted if he can show that a "constitutional violation has probably resulted in the

5

conviction of one who is actually innocent[.]" Murray, 477 U.S. at 479-80. Actual innocence means factual innocence, not legal insufficiency. Bousley v. United States, 523 U.S. 614, 623 (1998). To meet this standard, a petitioner must "show that it is more likely than not that no reasonable juror would have convicted him" of the underlying offense. Schlup v. Delo, 513 U.S. 298, 327 (1995). "To be credible, a claim of actual innocence must be based on [new] reliable evidence not presented at trial." Calderon v. Thompson, 523 U.S. 538, 559 (1998) (quoting Schlup, 513 U.S. at 324).

C. **Standard for Ineffective Assistance of Counsel**

"The Sixth Amendment guarantees criminal defendants the effective assistance of counsel. That right is denied when a defense attorney's performance falls below an objective standard of reasonableness and thereby prejudices the defense." Yarborough v. Gentry, 540 U.S. 1, 5 (2003) (per curiam) (citing Wiggins v. Smith, 539 U.S. 510, 521 (2003); Strickland v. Washington, 466 U.S. 668, 687 (1984)).

> To establish deficient performance, a person challenging a conviction must show that "counsel's representation fell below an objective standard of reasonableness." [Strickland,] 466 U.S. at 688. A court considering a claim of ineffective assistance must apply a "strong presumption" that counsel's representation was within the "wide range" of reasonable professional assistance. Id. at 689. The challenger's burden is to show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. at 687.[]
>
> With respect to prejudice, a challenger must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. It is not enough "to show that the errors had some conceivable effect on the outcome of the proceeding." Id. at 693. Counsel's

> errors must be "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Id. at 687.

Richter, 562 U.S. at 104; Marshall, 828 F.3d at 1284 (recognizing that to proceed on a claim of ineffective assistance of trial counsel, "the petitioner has to show both that his counsel's performance was deficient and that that deficient performance was prejudicial—that is, that there is a 'reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" (quoting Strickland, 466 U.S. at 687, 694)). Since both prongs of the two-part Strickland "test must be satisfied to show a Sixth Amendment violation, a court need not address the performance prong if the petitioner cannot meet the prejudice prong, and vice-versa." Ward v. Hall, 592 F.3d 1144, 1163 (11th Cir. 2010) (citing Holladay v. Haley, 209 F.3d 1243, 1248 (11th Cir. 2000)).

"'The standards created by Strickland and § 2254(d) are both highly deferential, and when the two apply in tandem, review is doubly so.'" Marshall, 828 F.3d at 1285 (quoting Overstreet v. Warden, 811 F.3d 1283, 1287 (11th Cir. 2016)).

> "The question is not whether a federal court believes the state court's determination under the Strickland standard was incorrect but whether that determination was unreasonable - a substantially higher threshold." Knowles v. Mirzayance, 556 U.S. 111, 123 (2009) (quotation marks omitted). If there is "any reasonable argument that counsel satisfied Strickland's deferential standard," then a federal court may not disturb a state-court decision denying the claim. Richter, 562 U.S. at 86.

Hittson v. GDCP Warden, 759 F.3d 1210, 1248 (11th Cir. 2014); see Knowles v. Mirzayance, 556 U.S. 111, 123 (2009).

### III. Analysis

**A. Claim One**

Petitioner asserts that his trial counsel was ineffective when "she refused to suppress evidence" that was obtained in violation of Petitioner's federal constitutional rights. Petition at 5. He argues that this "error allowed the State to prosecute [him] for possessing a firearm when he did not have a gun in his taxi when police searched it. [Rather, t]he tow truck operator allegedly found the gun when trained professionals could not." Id.

Petitioner raised this claim as ground one in his amended Rule 3.850 motion. Ex. N at 142-44. In denying the motion, the state court found:

> In his first ground, Defendant alleges that trial counsel rendered ineffective assistance when she failed to move to suppress a handgun seized from a taxicab that Defendant had been driving. Defendant argues that the police lacked probable cause for a warrantless search of the vehicle; he also asserts that the tow truck operator who picked up the taxicab lacked authority to consent to its search. Witness Michael Rowe, the tow truck operator, testified that he is an employee of the company which owns Gator City Taxi, for which Defendant was a driver. He testified that he gave consent to the police to search the taxicab. A police search of the taxi at the scene of the arrest was fruitless; it was only after transporting the taxicab to Gator City Taxi headquarters that Mr. Rowe noticed the gun, visible because the console in the cab had moved during the bouncy ride. Mr. Rowe also testified that he was continually with the vehicle from the time he picked it up until the police recovered the handgun from the console.
>
> Mr. Rowe's testimony that he was an employee of the taxi company, and was the custodian of the vehicle at all relevant times, was unrebutted. As an agent of the owner of the taxicab, Mr. Rowe had authority to consent to its search, and his consent made the search legal. See Cullem v. Packo, 947 So. 2d 533, 536 (Fla. 1st DCA 2006) ("An agent both speaks on behalf of and binds the principal."); see also Gore

8

> v. State, 237 So. 2d 243, 243 (Fla. 1st DCA 1970) (holding that robbery victim's cigarette lighter, found in car belonging to defendant and where defendant had been a passenger, was admissible, where owner and person in custody of car gave written consent to search); see also Lewis v. State, 296 So. 2d 575, 577 (Fla. 1st DCA 1974) ("[A] warrantless search and seizure of property located on or in the premises of another who has the sole or joint right to exercise control of such premises is valid when such other person gives his consent to the search of the premises."). Moreover, the initial search of the taxicab by the police turned up nothing; it was Mr. Rowe who found the handgun in the taxicab after it was jarred loose and called police to retrieve it. Even if the [] initial police search was somehow illegal, it played no part in the handgun's later coming to light and its discovery would not be the fruit of an illegal search. A motion to suppress, therefore, would have been futile. "[C]ounsel is not ineffective for failing to make a futile objection." Willacy v. State, 967 So. 2d 131, 140 (Fla. 2007) (citing Maxwell v. Wainwright, 490 So. 2d 927, 932 (Fla. 1986)). Where the substantive argument has been repeatedly rejected by Florida courts, counsel cannot be deemed to be ineffective for failing to raise a meritless argument. Vining v. State, 827 So. 2d 201, 213 (Fla. 2002) (citing Melendez v. State, 612 So. 2d 1366, 1369 (Fla. 1992), abrogated on other grounds, Deren v. State, 985 So. 2d 1087, 1088 (Fla. 2008)). Defendant's claim is therefore without merit.

Ex. N at 159-61 (citations omitted). The First District Court of Appeal (DCA) per curiam affirmed the state court's denial without issuing a written opinion, Ex. Q, and denied Petitioner's request for rehearing, Ex. S. Thus, there is a qualifying state court adjudication of this claim to which this Court must apply AEDPA deference.

Upon thorough review of the record and the applicable law, this Court concludes that the state court's adjudication of this claim was not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and was not based on an unreasonable determination of the facts in light of the evidence presented. Petitioner is not entitled to relief on his claim.

### B. Claim Two

Petitioner claims that that his convictions for aggravated assault with a firearm, possession of a firearm by a convicted felon, and possession of a firearm in commission of a felony arise out of a single episode, and thus violate double jeopardy. Petition at 6. According to Petitioner, he is serving "multiple punishments for the same offense when the elements are the same in each charge." Id.

Petitioner raised this claim as ground two in his amended Rule 3.850 motion. Ex. N at 144-47. The state court denied the claim.

> In his second ground, Defendant argues that his convictions for both possession of a firearm and aggravated assault with a firearm violated the protection against double jeopardy. Defendant was convicted of possession of a firearm by a convicted felon, in Count Four, and of aggravated assault in Counts Five, Six, and Seven, with a jury finding in Counts Five, Six and Seven that he actually possessed a firearm during the commission of the offense. Separate convictions for possession of a firearm by a convicted felon and for aggravated assault with a firearm do not violate the protection against double jeopardy. Spann v. State, 550 So. 2d 164, 166 (Fla. 2d DCA 1989). The jury findings of actual possession of a firearm during the commission of the aggravated assaults implicate the sentencing provisions of section 775.087(2)(a)1., Florida Statutes (2009), but do not constitute a separate crime, and do not offend the protection against double jeopardy. Cf. Henderson v. State, 526 So. 2d 743, 743 (Fla. 3d DCA 1988) (holding that convictions for possession of a firearm during commission of a felony (a separate crime under section 790.07, Florida Statues), and second degree murder with a firearm, both resulting from the same criminal episode, violated double jeopardy protection). Defendant's claim is therefore without merit.

Ex. N. at 161 (citations omitted). The First DCA per curiam affirmed the state court's denial without issuing a written opinion, Ex. Q, and denied Petitioner's request for rehearing, Ex.

S. Therefore, there is a qualifying state court adjudication of this claim entitled to AEDPA deference.

Upon thorough review of the record and the applicable law, this Court concludes that the state court's adjudication of this claim was not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and was not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Applying AEDPA deference, Petitioner's claim is due to be denied.

Notably, Petitioner was neither charged with nor convicted of a separate offense of possession of a firearm during the commission of a felony. As noted by the postconviction court, the convictions for aggravated assault and possession of a firearm by a convicted felon stem from separate and distinct offenses. As the trial judge instructed, to be guilty of aggravated assault, the jury had to find that Petitioner (1) "intentionally and unlawfully threatened, either by word or act, to do violence to" the victim; (2) at the time, Petitioner "appeared to have the ability to carry out the threat[;]" (3) "the act of [Petitioner] created in the mind of [the victim] a well-founded fear that the violence was about to take place[;]"; and (4) "the assault was made with a deadly weapon." Ex. D at 547. Possession of a firearm by a convicted felon requires proof that Petitioner (1) "has been convicted of a felony"[6] and (2) "after the conviction, [Petitioner] knowingly had in his care, custody, possession, or control a firearm." Id. at 568. Because these two offenses each require proof of a fact not required of the other, there was no double jeopardy

---

[6] The parties stipulated at trial that Petitioner had a prior felony conviction. Ex. D at 567-68.

violation. See Blockburger v. United States, 284 U.S. 299, 304 (1932) ("[W]here the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not."). Even absent AEDPA deference, Petitioner is not entitled to relief on this claim.[7]

C.  **Claim Three**

Petitioner argues that his "conviction cannot be sustained" because it was based solely on circumstantial evidence and the "State presented insufficient evidence to sustain [a] conviction." Petition at 8. He also contends that his counsel was ineffective for "failing to move for acquittal and that error denied [him the] right to preserve [this] issue for appellate review." Id.

Petitioner raised this claim as ground three in his amended Rule. 3.850 motion. Ex. N at 147-51. The state court found as follows:

> In the third ground of his Motion, Defendant argues that the State's evidence against him was circumstantial, and insufficient to overcome every reasonable hypothesis of innocence. The Defendant may not challenge the admissibility, validity, or sufficiency of the evidence against him in a motion seeking postconviction relief. Betts v. State, 792 So. 2d 589, 590 (Fla. 1st DCA 2001); Jackson v. State, 640 So. 2d 1173, 1174 (Fla. 2d DCA 1994). In the third ground as alleged in his Amended Motion, Defendant also argues that trial counsel was ineffective for failing to make a proper motion for judgment of acquittal, to preserve the issue of sufficiency of the evidence for appeal. That claim is conclusively refuted by the record, where trial counsel made a motion for judgment of acquittal, based on insufficiency of the evidence, after the

---

[7] The Court also notes that Petitioner was sentenced to 15 years imprisonment on the felon in possession of a firearm conviction and 5 years for each aggravated assault conviction. The 5-year sentences were imposed concurrent to the 15-year sentence.

12

> State rested,[8] and renewed the motion at the close of all evidence. Defendant's claims are therefore without merit.

Ex. N at 161-62 (citations omitted). The First DCA per curiam affirmed the state court's denial without issuing a written opinion, Ex. Q, and denied Petitioner's request for rehearing, Ex. S.

To the extent Petitioner is raising the same sufficiency of the evidence claim as he did in his Rule 3.850 proceedings, the claim is procedurally barred. As the state postconviction court found, such a claim is properly raised on direct appeal and not in a Rule 3.850 motion. Petitioner has not shown both cause excusing the default and actual prejudice resulting from the bar. Furthermore, he has not shown that he is entitled to the fundamental miscarriage of justice exception. Thus, insofar as Petitioner is raising the same claim he did in his Rule 3.850 motion, he is not entitled to relief.[9]

---

[8] At trial, Defense counsel argued, "Your Honor, at this time the defense would move for a judgment of acquittal. Even when viewing the evidence in the light most favorable to the non-moving party, the State in this case, the State has failed to prove a prima facie case of armed burglary with an assault and/or battery, aggravated assault on any of the counts, and they've failed to prove a prima face case of domestic battery. And for this reason, we ask for a judgment of acquittal." Ex. D at 466-67. The trial was bifurcated in that the jury did not consider the felon-in-possession count until after it rendered verdicts on the other counts. See id. at 495, 567-73.

[9] Although Petitioner indicates in his Petition that he exhausted claim three by presenting it in his Rule 3.850 motion, the Court notes that Petitioner also raised a sufficiency of the evidence claim on direct appeal. Ex. H. He argued on direct appeal that reversible error occurred when the trial court denied his motion for judgment of acquittal on three of the aggravated assault counts, because the only evidence of his guilt on those counts was the testimony of those particular victims. Id. The First DCA per curiam affirmed Petitioner's judgment of conviction. Ex. I. Insofar as Petitioner is attempting to raise the same claim here as he did on direct appeal, this Court defers to the First DCA's decision. That decision was not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and was not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

Moreover, if the First DCA affirmed the postconviction court's denial on the merits,[10] there is a qualifying state court decision under AEDPA. Upon review of the record, the Court finds the state court's adjudication of this claim was not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and was not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Therefore, federal habeas relief is not warranted.

Alternatively, the Court finds that the claim is without merit. The Due Process Clause of the Fourteenth Amendment requires the state to prove beyond a reasonable doubt each element of the offense charged. See Jackson v. Virginia, 443 U.S. 307, 316 (1979). "The relevant question in reviewing the sufficiency of the evidence supporting a criminal conviction is 'whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" Hallford v. Culliver, 459 F.3d 1193, 1205-06 (11th Cir. 2006) (per curiam) (quoting Jackson, 443 U.S. at 319). In reviewing the evidence presented at trial, "this court must presume that conflicting inferences to be drawn from the evidence were resolved by the jury in favor of the State." Thompson v. Nagle, 118 F.3d 1442, 1448 (11th Cir. 1997) (citing Machin v. Wainwright, 758 F.2d 1431, 1435 (11th Cir. 1985)). After a thorough review of the trial transcript, it is clear that the state presented sufficient evidence on each element of the charged offenses for a "rational trier of fact" to

---

[10] The postconviction court found that the claim should have been raised on direct appeal; it then found Petitioner's ineffectiveness claim was conclusively refuted by the record because trial counsel challenged the sufficiency of the evidence in a motion for judgment of acquittal; and then the postconviction court concluded that Petitioner's claims are without merit.

find "the essential elements of [each] crime beyond a reasonable doubt." Hallford, 459 F.3d at 1205-06 (quotations and citation omitted). Petitioner's sufficiency of the evidence claim is without merit.

Petitioner also argues that his trial counsel was ineffective for not moving for a judgment of acquittal so as to properly preserve the sufficiency of the evidence claim for appeal. In his Reply, Petitioner seems to acknowledge that his counsel did in fact move for a judgment of acquittal, but he contends that "[c]ounsel erred in how [s]he argued for same." Reply at 21. To the extent Petitioner is raising the same ineffective assistance of counsel claim he raised in state court, the state postconviction court denied the claim and the First DCA per curiam affirmed.[11] Upon review of the record, the Court finds the state court's adjudication of this claim was not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and was not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Therefore, Petitioner is not entitled to federal habeas relief on claim three.

### D. Claim Four

According to Petitioner, the State presented insufficient evidence to sustain a conviction for possession of a firearm by a convicted felon. Petition at 10. He asserts that

---

[11] Any claim that Petitioner is attempting to raise for the first time in this Court would be unexhausted and procedurally barred. Regardless, as this Court found above, Petitioner's underlying substantive sufficiency of the evidence claim is without merit. Petitioner appears to be arguing that all the evidence against him was circumstantial; but that is not true. For example, the victims provided direct evidence by testifying to their personal observations of Petitioner's actions. Petitioner has shown neither deficient performance nor resulting prejudice.

there was no evidence showing he possessed the firearm, and he "was not found to have a weapon on him at arrest and only testimony placed the gun in his hand." Id.

Petitioner raised this claim as ground four in his amended Rule 3.850 motion. Ex. N at 151-53. The state court found the claim to be procedurally barred because it should have been raised on direct appeal, but it alternatively denied the claim on the merits.

> In the fourth ground, Defendant argues that the State failed to prove actual possession of a firearm, and that his conviction for possession of a firearm by a convicted felon, therefore, cannot be sustained. Defendant's theory is that he was found and arrested in a hotel room, without a firearm, and therefore did not actually possess the handgun found later in the taxicab. Defendant acknowledges that he is challenging the sufficiency of the evidence, which, as this Court noted above, is not proper on a motion for postconviction relief. Nevertheless, at trial, witnesses Tyrone Smith and Eric Mangram, victims of the aggravated assaults charged in Count 5 and Count 7, respectively, both identified the handgun in evidence as the same handgun held by Defendant during the aggravated assaults on them. Therefore, Defendant's claim is improper, and is also conclusively refuted by the record.

Ex. N at 162 (citations omitted). The First DCA per curiam affirmed the state court's denial without issuing a written opinion, Ex. Q, and denied Petitioner's request for rehearing, Ex. S.

As with claim three, this claim attacking the sufficiency of the evidence should have been raised on direct appeal rather than in a Rule 3.850 motion. This claim is procedurally barred on federal habeas review. Petitioner has not shown both cause excusing the default and actual prejudice resulting from the bar. Furthermore, he has not shown that he is entitled to the fundamental miscarriage of justice exception. Petitioner is not entitled to relief on this claim.

Nevertheless, to the extent the state appellate court affirmed the trial court's denial of this claim on the merits, there is a qualifying state court adjudication under AEDPA. Upon review of the record, this Court finds the state court's decision was not contrary to clearly established federal law, did not involve an unreasonable application of clearly established law, and was not an unreasonable determination of the facts in light of the evidence presented. Therefore, Petitioner is not entitled to relief on claim four.

### E. Claim Five

Petitioner contends that his "[t]rial counsel was ineffective for failing to challenge the basis of the conviction where there was no evidence presented to prove Defendant did . . . possess the firearm." Petition at 11. He "argues that Aggravated Assault could not be enhanced from a third degree to a second degree due to no evidence produced show[ing] possession." Id.

Petitioner raised this claim as ground five in his Rule 3.850 motion. Ex. N at 154-55. The state court denied this claim.

> Defendant's Amended Motion adds a fifth ground: he argues that trial counsel was ineffective for failing to challenge the basis of his conviction where, he alleges, there was no evidence that he possessed a firearm. As noted above, the factual basis for this claim is conclusively refuted by the fact that two eyewitnesses, both victims of Defendant's aggravated assault, identified the handgun as the one that Defendant held. In the fifth ground of the Amended Motion, Defendant also argues that it was improper to enhance aggravated assault with a deadly weapon, a third-degree felony, to a second-degree felony, because possession of a weapon was an essential element of aggravated assault with a deadly weapon. In fact, Defendant's convictions for aggravated assault were not reclassified under section 775.087(1), Florida Statutes; instead, the sentence enhancements of section 775.087(2)(a)1., Florida Statutes, were applied, because Defendant actually possessed a firearm during the commission of the offenses. Section

17

> 775.087(2)(a)1. applies to enumerated felonies, "regardless of whether the use of a weapon is an element of the felony." § 775.087(2)(a)1., Fla. Stat. (2009). Defendant's claim is therefore without merit.

Ex. N at 162-63 (citations omitted). The First DCA per curiam affirmed the state court's denial without issuing a written opinion, Ex. Q, and denied Petitioner's request for rehearing, Ex. S. Therefore, there is a qualifying state court adjudication of this claim entitled to AEDPA deference.

Upon thorough review of the record and the applicable law, this Court concludes that the state court's adjudication of this claim was not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and was not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Therefore, Petitioner is not entitled to federal habeas relief on claim five.

It is **ORDERED**:

1. The Petition (Doc. 1) is **DENIED**, and this action is **DISMISSED WITH PREJUDICE**.

2. The Clerk shall enter judgment denying the Petition and dismissing this case with prejudice and thereafter close the file.

3. If Petitioner appeals the denial of the Petition, the Court denies a certificate of appealability.[12] Because the Court has determined that a certificate of appealability is

---

[12] This Court should issue a certificate of appealability only if Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), "or that the issues presented were 'adequate to deserve encouragement to

not warranted, the Clerk of Court shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

**DONE AND ORDERED** in Jacksonville, Florida, this 8th day of November, 2017.

TIMOTHY J. CORRIGAN
United States District Judge

JAX-3 10/13
c:
Rowan Lewis, # J41674
Counsel of Record

---

proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (quoting Slack, 529 U.S. at 484). "Where a district court has rejected the constitutional claims on the merits, . . . [t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack, 529 U.S. at 484. However, when the district court has rejected a claim on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. After consideration of the record as a whole, the Court will deny a certificate of appealability.